UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. MEISSNER,<br><br>        Plaintiff,<br><br>    v.<br><br>REPUBLIC SERVICES, INC., *et al*,<br><br>        Defendants. | Case No.  1:24-cv-00086-KES-BAM<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**ORDER VACATING JANUARY 31, 2025 MOTION HEARING**<br><br>(Doc. 28) |

Currently before the Court is Plaintiff Richard L. Meissner's ("Plaintiff") Motion to Modify the Scheduling Order.  (Doc. 28.)  Defendants Republic Services, Inc. and Allied Waste Services of North America, LLC ("Defendants") filed a notice of non-opposition, though requested modification of the Scheduling Order to extend the dispositive motion filing deadline from June 30, 2025 to September 30, 2025.  (Docs. 30, 31.)  The Court finds the motion suitable for decision without the need for oral argument.  Accordingly, the hearing on the motion currently set for January 31, 2025, is HEREBY VACATED, and the matter is submitted on the record.  E.D. Cal. L.R. 230(g).

Having considered the briefing as well as the entire record in this case, Plaintiff's Motion to Modify the Scheduling Order (Doc. 28) will be GRANTED pursuant to Federal Rules of

Civil Procedure 16(b)(4).

## I.    BACKGROUND

This is an age and medical condition discrimination, harassment, and wrongful termination of employment action pursuant to the California Fair Employment and Housing Act, Civil Rights Act of 1964.  (Doc.  1-1.)  The matter was removed from Fresno County Superior Court on January 18, 2024.  (Doc. 1.)  On May 2, 2024, the Court held a Scheduling Conference with the parties.  (Doc. 8.)  On May 2, 2024, the Court issued a Scheduling Conference Order, which set the following relevant deadlines:

| | |
|---|---|
| Non-Expert Discovery Deadline: | March 2, 2025 |
| Expert Disclosure: | April 4, 2025 |
| Supplemental Expert Disclosure: | May 2, 2025 |
| Expert Discovery Deadline: | June 6, 2025 |
| Pretrial Motion Filing Deadline: | June 30, 2025 |
| Pretrial Conference: | November 17, 2025 at 1:30 p.m. |
| Jury Trial (5 days) | February 10, 2026, 9:00 a.m. |

(Doc. 9.)  In the Scheduling Order, the Court advised the parties that if they determined at any time that the schedule could not be met, they must notify the Court immediately so that adjustments could be made, either by stipulation or by subsequent status conference.  (Doc. 9 at 6.)  The Court also provided the following warning:

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

(*Id*.)  The Court has not otherwise modified the Scheduling Order.  During a discovery dispute conference on December 19, 2024, the Court declined to rule on Plaintiff's oral motion for an extension of the discovery cutoff in the absence of briefing by all parties and a demonstrated showing of diligence.  (Doc. 22.)

On December 27, 2024, Plaintiff filed the instant motion to modify the Court's scheduling order.  (Doc. 28.)  On January 10, 2025, Defendants filed their statement of non-opposition to Plaintiff's motion.  (Docs. 30, 31.)  Plaintiff requests modification of

the scheduling order as follows (Doc. 28 at 1):

| | |
|---|---|
| Non-Expert Discovery Deadline: | June 1, 2025 |
| Expert Disclosure: | July 1, 2025 |
| Supplemental Expert Disclosure: | August 1, 2025 |
| Expert Discovery Deadline: | September 1, 2025 |
| Pretrial Motion Filing Deadline: | October 1, 2025 |

## II.    LEGAL STANDARD

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc.*, NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept.

1  25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled

2  deadline could not be met.")).  The party seeking to modify a scheduling order bears the

3  burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL

4  6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080,

5  1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.).  The Court may modify the scheduling

6  order "if it cannot reasonably be met despite the diligence of the party seeking the extension."

7  *Johnson*, 974 F.2d at 609.  If the party was not diligent, then the inquiry should end.  *Id.*

8  ### III.   DISCUSSION

9       Plaintiff moves to modify the Scheduling Order for the limited purpose of extending

10  discovery deadlines and the dispositive motion deadline.  (Doc. 28.)  In his moving papers,

11  Plaintiff states that he acted diligently, but Defendants' deficient discovery responses, the

12  parties' ongoing discovery disputes, and Plaintiff's counsel's other obligations have made it

13  impossible for Plaintiff to meet the discovery deadlines.  (Doc. 28 at 2-3, Doc. 28-2 at 5-6,

14  Doc. 28-3 ¶¶ 3-25.)  Plaintiff further notes that, though Plaintiff has noticed depositions for

15  relevant supervisors, due to the delays in production, Plaintiff will be unable to complete

16  meaningful discovery by the non-expert discovery cutoff of March 2, 2025.  (Doc. 28 at 3,

17  Doc. 28-3 ¶¶ 17-19, 23, 25.)

18       The dispositive inquiry is whether Plaintiff was diligent in seeking a modification.

19  *Johnson*, 974 F.2d at 609.  The Court finds that Plaintiff has demonstrated good cause for

20  modification of the Scheduling Order.  Plaintiff filed the instant motion well before the March

21  2, 2025 non-expert discovery deadline once it became clear that extension of discovery

22  deadlines was necessary and has demonstrated diligence in discovery efforts.  (*See* Doc. 22,

23  Doc. 27, Doc. 28 at 2-3, Doc. 28-2 at 5-6, Doc. 28-3 ¶¶ 3-25.)  Additionally, there is no

24  evidence that amendment of the scheduling order will prejudice Defendants, as they filed a

25  notice of non-opposition in which they note that they "do not oppose the Motion, but

26  Defendants do request that the current dispositive motion filing deadline of June 30, 2025 be

27  extended to September 30, 2025."  (Doc. 30 at 2.)  Accordingly, the Court will grant Plaintiff's

28  motion to modify the scheduling order.  The Court will further modify the pretrial conference

and trial dates in the scheduling conference order to ensure that there is adequate time to resolve any dispositive motions.

## IV.   CONCLUSION AND ORDER

For the reasons stated, Plaintiff's Motion to Modify the Scheduling Order (Doc. 28) is GRANTED, with the scheduling conference order being modified as follows:

| | |
|---|---|
| Non-Expert Discovery Deadline: | June 2, 2025 |
| Expert Disclosure: | July 1, 2025 |
| Supplemental Expert Disclosure: | August 1, 2025 |
| Expert Discovery Deadline: | September 1, 2025 |
| Pretrial Motion Filing Deadline: | October 1, 2025 |
| Pretrial Conference: | March 9, 2026, at 1:30 p.m. in Courtroom 6 (KES) |
| Jury Trial (5 days): | May 12, 2026, at 9:00 a.m. in Courtroom 6 (KES) |

The parties are advised that further requests for continuances will be looked upon with disfavor and no further extensions or modifications of the deadlines in this case will be granted absent a demonstrated showing of good cause.

IT IS SO ORDERED.

Dated:   **January 16, 2025**          /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE

5